IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 0 6 2009

JAMES N. ____EN, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| Barton A. Campbell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1 09-cv-3115 |
| Americredit, Portfolio Recovery Associates, | ) |
| Equifax Information Services, LLC, Experian | ) |
| Information Solutions, Inc., Trans Union, LLC | ) |
| | ) |
| Defendants. | ) Jury Demanded |

RLV

## COMPLAINT JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FCRA, 15 U.S.C. Section 1681(p), 15 U.S.C. §1692k (FDCPA) and the doctrine of pendent jurisdiction. Venue lies in the Northern District of Georgia as Plaintiff's claims arose from acts of the defendants perpetrated therein.

## PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 et seq. ("FCRA"), The Fair Debt Collection Practices Act, 15 U.S.C. sections 1692 et seq. ("FDCPA") and of state law obligations brought as supplemental claims.

3. Plaintiff is a natural person and is a resident and citizen of Fulton County, the State of Georgia and of the United States. Plaintiff is a "consumer" as defined by sections 1681 a(c) of the FCRA.

4. Americredit is a national banking entity doing business in the State of Georgia.

5. Americredit is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6. Portfolio Recovery Associates is a national collection agency doing business in the State of Georgia.

7. Portfolio Recovery Associates is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8. Equifax Information Services LLC, ("Equifax"), is a foreign limited liability company entity licensed to do business in the State of Georgia.

9. Equifax is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

10. Trans Union LLC, ("Trans Union"), is a foreign limited liability company licensed to do business in the state of Georgia.

11. Trans Union is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, third parties.

12. Experian Information Solutions, Inc. ("Experian"), is a foreign corporation licensed to do business in the State of Georgia.

13. Experian is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

14. On or about April 14, 2001 Plaintiff purchased a1999 Mazda 626 from Rick Case Mazda in Georgia for the amount of $22,109.00.

15. On or about October 7, 2003, the finance company Americredit repossessed Plaintiff's Mazda 626 and sold it substantially below market value and at a commercially unreasonable price.

16. The below market sale of Plaintiff's car resulted in Defendant Americredit pursuing and obtaining a deficiency judgment against Plaintiff on or about 10/7/2003 in the amount of $10,991.41.

17. Plaintiff disputed the deficiency judgment against him with Defendant Americredit on the basis that they negligently sold his car far below market value and therefore did not receive adequate compensation which would have lowered the amount Plaintiff owed to Defendant.

18. Defendant Americredit proceeded to improperly report Plaintiff's outstanding balance to the three major credit reporting agencies (Experian, Equifax, and Transunion) despite a written notice of dispute having been sent to Defendant Americredit.

19. From about October 2003, Americredit started to report false, derogatory information to credit reporting agencies including Trans Union, Equifax and Experian stating plaintiff was delinquent and not paying as agreed regarding the account.

20. Over time, this reporting became more derogatory and eventually included statements that Plaintiff was 90 days delinquent, that the account was "canceled by the credit grantor" and other false, defamatory information.

21. In or about October 2003 Plaintiff contested the Americredit account information with Trans Union, Equifax and Experian.

22. Americredit reverified the false reporting to Trans Union, Equifax and Experian. These credit agencies then merely parroted the information back to third parties through its credit reporting database.

23. As a result of the false reporting by Americredit, two collection agencies, Oxford Management and Portfolio Recovery Assoicates, have attempted to collect on Plaintiff's deficiency judgment.

24. Plaintiff informed, in writing, both Oxford Management and Portfolio Recovery Associates that the amount of his deficiency judgment was in dispute due to negligence on the part of Defendant Americredit.

25. Oxford Management acknowledged the legitimacy of Plaintiff's claim against Americredit and subsequently sent Plaintiff a Cease and Desist Letter (See Exhibit "A"), indicating that they would no longer attempt to collect on Plaintiff's alleged debt. Further, Oxford indicated in their correspondence that they would not report any negative information regarding the account to any of the major credit reporting bureaus.

26. Portfolio Recovery Associates has continued to attempt to collect on Plaintiff's deficiency judgment, despite being aware of disputed claim and the potential negligence towards Plaintiff by Americredit.

27. As a result of the derogatory information reported by Americredit, Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and was denied credit. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

28. On or about 9/24/2008 Defendant Portfolio Recovery Associates sent Plaintiff a letter (See Exhibit "B") trying to collect an alleged debt of $11,168.95 allegedly owed to Defendant, Americredit.

29. The letter was a threat from Defendant, Portfolio Recovery Associates to take legal action to collect the alleged debt, even though any suit to collect on the alleged debt was barred by the Georgia Statute of Limitations regarding the collection of delinquent debts. Plaintiff had not made any payments on the alleged debt for more than five years before the date of the letter.

30. Plaintiff sent Defendant a restrictive endorsement check (See Exhibit "C") indicating that acceptance of the check by Defendant would be payment in full for the amount allegedly owed Defendant. Defendant subsequently accepted and deposited the check from Plaintiff.

## COUNT I

## STATEMENT OF CLAIMS AGAINST AMERICREDIT

31. Plaintiff adopts and re-alleges paragraphs 1-30 above.

32. Americredit has:

a) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

b) defamed plaintiff by publishing to third parties information regarding his creditworthiness;

c) invaded the privacy of plaintiff;

d) committed unfair and deceptive acts against plaintiff in the course if its business in violation of the Consumer Protection Act, RCW 19.82.020;

e) failed its duty to prevent foreseeable injury to plaintiff.

## COUNT II

## STATE OF CLAIMS AGAINST EQUIFAX

33. Plaintiff adopts and re-alleges paragraphs 1-32 above.

34. In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

a)   by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b)   by willfully and/or negligently failing to comport with FCRA section 1681i.

c)   defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d)   invading the privacy of plaintiff;

e)   failing in its duty to prevent foreseeable injury to plaintiff.

## COUNT III

## STATEMENT OF CLAIMS AGAINST TRANS UNION

35. Plaintiff adopts and re-alleges paragraphs 1-34 above

36. In the entire course of its action, Trans Union willfully and/or negligently violated the provisions of the FCRA in the following respects:

a)   by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b)   by willfully and/or negligently failing to comport with FCRA section 1681i.

c)   defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d)   invading the privacy of plaintiff;

e)   failing in its duty to prevent foreseeable injury to plaintiff.

## COUNT IV

## STATEMENT OF CLAIMS AGAINST EXPERIAN

37. Plaintiff adopts and re-alleges paragraphs 1-36 above.

38. In the entire course of its action, Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

a)   by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b)   by willfully and/or negligently failing to comport with FCRA section 1681i.

c)   defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d)   invading the privacy of plaintiff;

e)   failing in its duty to prevent foreseeable injury to plaintiff.

## COUNT V

## VIOLATION OF SECTION 1692e(2)(A) OF THE FDCPA

39. Plaintiff adopts and re-alleges paragraphs 1-38 above.

40. The FDCPA prohibits a debt collector from making any false, deceptive or misleading representation in connection with the collection of a debt, including the false representation of the character, amount or legal status of a debt. See 15 U.S.C. 1692 e(2)(A)

41. In the September 28, 2008 letter, Portfolio Recovery Associates falsely represented that the alleged debt was not time-barred and was collectable in legal proceedings.

42. Portfolio's violation of sec 1692e(2)(A) of the FDCPA renders it liable to Plaintiff for damages, costs and attorneys' fees. See 15 U.S.C. 1692k.

## COUNT VI

## VIOLATION OF SECTION 1692f OF THE FDCPA

43. Plaintiff adopts and re-alleges paragraphs 1-42 above.

44. The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect a debt. 15 U.S.C. 1692f.

45. Defendant Portfolio violated sec 1692f of the FDCPA by threatening to sue Plaintiff to collect on an alleged debt when Portfolio knew that such suit would be barred by statute of limitations.

46. Defendant Portfolio's violation of sec 1692f of the FDCPA renders it liable to Plaintiff for damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

Plaintiff, Barton A. Campbell, prays that this Court:

A. Enter judgment in favor of Plaintiff Campbell, and against Americredit, Portfolio Recovery Associates, Experian, Equifax and Trans Union, for actual damages, statutory damages, punitive damages, special damages, costs and attorneys' fees; and

B. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff demands a jury on all claims.

/S/ A. Campbell
Barton A. Campbell
4540 Boise Trail SW
Atlanta, GA 30331