IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARTON A. CAMPBELL,  )<br>  )<br>       Plaintiff,  )<br>v.  )<br>  )<br>AMERICREDIT, PORTFOLIO  )<br>RECOVERY ASSOCIATES, EQUIFAX  )<br>INFORMATION SERVICES, LLC,  )<br>EXPERIAN INFORMATION  )<br>SOLUTIONS, INC. and TRANS UNION,  )<br>LLC,  )<br>  )<br>       Defendants.  )<br>_____)  | CIVIL ACTION FILE<br>NO:  1:09-cv-03115-RLV-LTW |

**DEFENDANT TRANS UNION LLC'S
ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Trans Union LLC ("Trans Union"), files this its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by the Plaintiff, Barton A. Campbell.

**JURISDICTION**

1.   Trans Union admits that jurisdiction and venue are appropriate in this Court.

**PRELIMINARY STATEMENT**

2.   Trans Union admits that Plaintiff has asserted claims against Defendants alleging damages pursuant to the Fair Credit Reporting Act and the

-1-

Fair Debt Collections Practices Act and various state laws. Trans Union denies that it violated any of the laws relied on by Plaintiff and denies the remainder of the allegations in Paragraph 2 of the Complaint.

     3.     Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681 a(c). Trans Union is without sufficient information to admit or deny the remaining averments contained in paragraph 3 of the Complaint, and therefore, denies the same.

     4.     Trans Union is without sufficient information to admit or deny the averments contained in paragraph 4 of the Complaint, and therefore, denies the same.

     5.     Trans Union is without sufficient information to admit or deny the averments contained in paragraph 5 of the Complaint, and therefore, denies the same.

     6.     Trans Union is without sufficient information to admit or deny the averments contained in paragraph 6 of the Complaint, and therefore, denies the same.

     7.     Trans Union is without sufficient information to admit or deny the averments contained in paragraph 7 of the Complaint, and therefore, denies the same.

8. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 8 of the Complaint, and therefore, denies the same.

9. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 9 of the Complaint, and therefore, denies the same.

10. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a foreign corporation authorized to do business within the State of Georgia.

11. Trans Union also admits that it is a "consumer reporting agency" as defined by the FCRA. Trans Union further admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.

12. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 12 of the Complaint, and therefore, denies the same.

13. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 13 of the Complaint, and therefore, denies the same.

## FACTUAL ALLEGATIONS

14. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 14 of the Complaint, and therefore, denies the same.

15. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 15 of the Complaint, and therefore, denies the same.

16. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 16 of the Complaint, and therefore, denies the same.

17. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 17 of the Complaint, and therefore, denies the same.

18. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 18 of the Complaint, and therefore, denies the same.

19. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 19 of the Complaint, and therefore, denies the same.

20. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 20 of the Complaint, and therefore, denies the same.

21. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 21 of the Complaint, and therefore, denies the same.

22. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 22 of the Complaint, and therefore, denies the same.

23. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 23 of the Complaint, and therefore, denies the same.

24. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 24 of the Complaint, and therefore, denies the same.

25. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 25 of the Complaint, and therefore, denies the same.

10500055v.1

26. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 26 of the Complaint, and therefore, denies the same.

27. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 27 of the Complaint, and therefore, denies the same.

28. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 28 of the Complaint, and therefore, denies the same.

29. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 29 of the Complaint, and therefore, denies the same.

30. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 30 of the Complaint, and therefore, denies the same.

## COUNT I
## STATEMENTS OF CLAIMS AGAINST AMERICREDIT

31. Trans Union restates and incorporates its responses to paragraphs 1 through 30 above as though fully stated herein.

32. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 32 of the Complaint, including subparts a. through e., and therefore, denies the same.

## COUNT II
## STATEMENTS OF CLAIMS AGAINST EQUIFAX

33. Trans Union restates and incorporates its responses to paragraphs 1 through 32 above as though fully stated herein.

34. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 34 of the Complaint, including subparts a. through e., and therefore, denies the same.

## COUNT III
## STATEMENTS OF CLAIMS AGAINST TRANS UNOIN

35. Trans Union restates and incorporates its responses to paragraphs 1 through 34 above as though fully stated herein.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint, including subparts a. through e.

## COUNT IV
## STATEMENTS OF CLAIMS AGAINST EXPERIAN

37. Trans Union restates and incorporates its responses to paragraphs 1 through 36 above as though fully stated herein.

38. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 38 of the Complaint, including subparts a. through e., and therefore, denies the same.

## COUNT V
## VIOLATIONS OF SECTION 1692e(2)(A) OF THE FDCPA

39. Trans Union restates and incorporates its responses to paragraphs 1 through 38 above as though fully stated herein.

40. The provisions of 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act, are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 40 of the Complaint.

41. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 41 of the Complaint, and therefore, denies the same.

42. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 42 of the Complaint, and therefore, denies the same.

## COUNT VI
## VIOLATIONS OF SECTION 1692f OF THE FDCPA

43. Trans Union restates and incorporates its responses to paragraphs 1 through 42 above as though fully stated herein.

44. The provisions of 15 U.S.C. § 1692f of the Fair Debt Collection Practices Act, are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 44 of the Complaint.

45. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 45 of the Complaint, and therefore, denies the same.

46. Trans Union is without sufficient information to admit or deny the averments contained in paragraph 46 of the Complaint, and therefore, denies the same.

## PRAYER FOR RELIEF

Trans Union denies the relief sought by Plaintiff in the Prayer for Relief Section, including subparts A. and B.

## JURY TRIAL DEMANDED

Trans Union admits Plaintiff is demanding a Jury Trial.

## DEFENSES

47. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

48. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

49. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

50. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

51. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

52. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

53. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the Fair Credit Reporting Act and state law.

54. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

55. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

56. Plaintiff failed to mitigate his alleged damages.

57. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Georgia.

58. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

59. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

60. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

61. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

This 1st day of December, 2009.

                                     Respectfully submitted,

                                     **HAWKINS & PARNELL, LLP**

                                     /s/ ALEX BARFIELD
                                     Alex M. Barfield
                                     abarfield@hplegal.co

4000 SunTrust Plaza
303 Peachtree St, NE
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500        *Counsel for Trans Union LLC*

10500055v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARTON A. CAMPBELL, )<br>)<br>  Plaintiff, )<br>v. )<br>)<br>AMERICREDIT, PORTFOLIO )<br>RECOVERY ASSOCIATES, EQUIFAX )<br>INFORMATION SERVICES, LLC, )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC. and TRANS UNION, )<br>LLC, )<br>)<br>  Defendants. )<br>_____) | CIVIL ACTION FILE<br>NO: 1:09-cv-03115-RLV-LTW |

**CERTIFICATE OF SERVICE**

This is to hereby certify that I have this day electronically filed **DEFENDANT TRANS UNION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following:

NONE

and, certify that I have this date caused to be served upon Plaintiff, a non-CM/ECF participant, a true and correct copy of the foregoing by depositing in the United

-13-

States Mail via Certified Mail, Return Receipt Requested, a copy of same with proper postage thereon and addressed as follows:

Barton A. Campbell<br>
4540 Boise Trail SW<br>
Atlanta, GA 30331

This 1st day of December, 2009.

/s/ ALEX M. BARFIELD
Alex M. Barfield
Georgia Bar No. 037147
abarfield@hplegal.com