IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BARTON A. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION FILE NO. |
| AMERICREDIT, | ) |
| PORTFOLIO RECOVERY | ) 1 09-CV-3115-RLV-LTW |
| ASSOCIATES, EQUIFAX | ) |
| INFORMATION SERVICES, LLC | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., TRANS UNION, LLC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, AmeriCredit Financial Services, Inc., improperly named as "Americredit" in the above-styled action, (hereinafter "AmeriCredit"), by and through undersigned counsel, and pursuant to Rules 12(b)(2),(4) and (6) of the Federal Rules of Civil Procedure, hereby moves this Court for an order dismissing Plaintiff's Complaint in its entirety. Defendant AmeriCredit bases its Motion on lack of personal jurisdiction, insufficiency of service, and insufficiency of service of process on the grounds that Plaintiff's complaint was served solely by certified mail without first obtaining a waiver of service. Further, Defendant AmeriCredit

also bases its Motion on Defendant's failure to state a claim upon which relief can be granted as Plaintiff's claims fall clearly well outside the applicable statute of limitations, and thus are not cognizable claims regardless of the facts alleged.

Respectfully submitted, this 2nd day of December, 2009.

/s/ Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842
**BEAL & BELL LLC**
7 Lenox Pointe
Atlanta, Georgia 30324
404-688-2700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BARTON A. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION FILE NO. |
| AMERICREDIT, | ) |
| PORTFOLIO RECOVERY | ) 1 09-CV-3115-RLV-LTW |
| ASSOCIATES, EQUIFAX | ) |
| INFORMATION SERVICES, LLC | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., TRANS UNION, LLC. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's Complaint against Defendant AmeriCredit Financial Services, Inc., improperly named as "Americredit" in the above-styled action (hereinafter "AmeriCredit") is based solely upon an alleged violation of the Fair Credit Reporting Act, 15 USC§ 1681, et. seq. However, by Plaintiff's own allegations in his Complaint, Plaintiff was aware of the credit reporting at issue in this case more than six years prior to filing this suit. Thus, under any set of factual allegations, Plaintiff's claims of alleged violation of the Fair Credit Reporting Act are barred by the applicable Statute of Limitations.

In addition, Defendant AmeriCredit has moved to dismiss Plaintiff's Complaint on the failure of proper service of process under Federal Rule of Civil Procedure 4(h) as Plaintiff has attempted service on Defendant AmeriCredit solely via certified mail.

## FACTUAL BACKGROUND

As Plaintiff alleges in his Complaint, on or about April 14, 2001, Plaintiff, Mr. Barton Campbell, entered into a contract with Rick Case Auto Inc. for the purchase of a 1999 Mazda 626 for the amount of $22, 109.00 with Defendant AmeriCredit acting as the finance company (See Plaintiff's Complaint ¶14, 15).[1] Plaintiff alleges that on September 12, 2003, AmeriCredit repossessed Plaintiff's vehicle. (Id. at ¶15). Plaintiff next alleges that Defendant AmeriCredit pursued and obtained a judgment against Plaintiff on or about October 7, 2003 related to the repossession of this automobile (See Complaint, ¶16). Plaintiff alleges that in October of 2003, AmeriCredit allegedly notified Experian, Equifax and Trans Union of Plaintiff's outstanding balance owed to AmeriCredit. (Id. at ¶19). In or about October of 2003, Plaintiff, by his own admission, contested the account information allegedly reported by AmeriCredit with Trans Union, Equifax and Experian. (Id. at ¶21).

---

[1] For the purpose of this motion **only**, Defendant assumes that the factual allegations set forth in Plaintiff's Complaint are true.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     Plaintiff's Complaint should be Dismissed because it is barred by the applicable Statute of Limitations.**

The only claim against Defendant AmeriCredit is contained in Count I of Plaintiff's Complaint. "Count I:   Statement of Claims against Defendant Americredit" alleges that Defendant AmeriCredit:

> (a) willfully and/or negligently violated provisions of the Fair Credit Reporting Act by willfully and/or negligently failing to comport with Section 1681s-2(b); (b) defamed plaintiff by publishing to third parties information regarding his creditworthiness; (c) invaded the privacy of plaintiff; (d) committed unfair and deceptive acts against plaintiff in the course of its business in violation of the Consumer Protection Act, RCW 19.82.020; (e) failed its duty to prevent foreseeable injury to plaintiff.

According to the allegations of Plaintiff's Complaint, Defendant AmeriCredit reported Plaintiff's negative credit history to the credit reporting agencies in October 2003 (Id. at ¶19).  Also, Plaintiff alleges that he actually discovered this reporting in October 2003. (Id. at ¶19, ¶30 ). Because Plaintiff contested the account information in or about October 2003, Plaintiff knew about any alleged improper credit reporting, in violation of the Fair Credit Reporting Act or otherwise, at that time.

5

However, the Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. (hereinafter "FCRA"), contains a statute of limitations which is two years from the date the Plaintiff discovered the alleged violation or five years from the date of the alleged violation:

> An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of-- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. §1681p

Thus, Plaintiff clearly discovered the alleged violations of the FCRA alleged in his Complaint more than six years before the filing of his complaint. Even if this Court should determine that the outer time limits of the FCRA statute of limitations should apply on the grounds that somehow Plaintiff did not know of the reporting when he contested it, Plaintiff's claims are still barred by this five year statute of limitations as the reporting occurred more than six years before the filing of the Complaint.

The United States Supreme Court in <u>TRW, Inc. v. Andrews</u>, upheld the FCRA two year Statute of Limitations and stated that "Section 1681p provides that the limitation period generally runs from the date 'liability

arises.'" 534 U.S. 19 (2001). In addition, the Court further held that the five-year time period is allowed only in "cases involving a defendant's willful misrepresentation of material information." (Id.).

Furthermore, the statutory language of the FCRA is clear that no cause of action will lie for violation of the Fair Credit Reporting Act because Plaintiff cannot show that AmeriCredit deliberately communicated any false information to a third party here, and certainly not with the requisite malice required by the FCRA. By Plaintiff's own admissions, Defendant AmeriCredit has simply reported that Plaintiff's account has been charged-off due to Plaintiff's refusal to make payments on the automobile, which is a true statement.

Furthermore, the FCRA preempts state law claims, such as defamation claims, that are based on credit reports, as Plaintiff has alleged here. Corbin v. Regions Bank, 258 Ga. App. 490, 574 S.E.2d 616 (2002). Under the FCRA, anyone who furnishes information to a consumer reporting agency is immune from state law defamation actions except as to false information furnished with malice or willful intent to injure such consumer. 15 U.S.C.S. 1681; see also Nicholl v. Nationsbank of Georgia, N.A., 227 Ga. App. 287, 488 S.E.2d 751 (1997). Here, Plaintiff has not even alleged that Plaintiff's credit reporting was false and communicated with malice or

willful intent to injure Plaintiff, as required by the FCRA. For this additional reason, this Court should dismiss Plaintiff's defamation claim against AmeriCredit here.

Importantly, Plaintiff alleges that the sale of Plaintiff's car resulted in AmeriCredit obtaining a deficiency judgment against Plaintiff on or about October 7, 2003 in the amount of $10,991.41. (Complaint, at ¶16). Plaintiff alleges in his Complaint that Defendant AmeriCredit reported the judgment, he does not dispute that AmeriCredit reported the judgment accurately and, rather, he complains about the judgment. (Id. at ¶17. Because Plaintiff had the opportunity to litigate this issue and because a judgment was entered against Plaintiff, the doctrine of *res judicata* should be applied to the underlying debt obligation and any further litigation involving this issue should be barred.

Finally, Count I of Plaintiff's Complaint alleges that AmeriCredit "committed unfair and deceptive acts against plaintiff in the course of its business in violation of the Consumer Protection Act, RCW 19.82.020." While the Consumer Protection Act is Federal law, Plaintiff has specifically cited to the Revised Code of Washington. In addition, the Revised Code of Washington does not contain a Section 19.82.020. Furthermore, the authority cited by Plaintiff is not controlling as this Court is not bound to

follow the laws of the state of Washington, and the language of this statute is clear that Plaintiff has not alleged claims sufficient to pursue such a cause of action.

**II.   Plaintiff's Complaint should be Dismissed as it was not properly served upon Defendant**

On November 12, 2009, Plaintiff served the summons and complaint to Defendant AmeriCredit via Certified mail (See Notice of Service of Process, attached hereto as Exhibit "1"). At no point did Plaintiff send AmeriCredit a request for waiver of personal service and at no point did AmeriCredit execute an acknowledgement of service indicating its waiver of personal service of process. Therefore, AmeriCredit has not been property served with process in this action, and thus, this Court lacks jurisdiction over the person of Defendant AmeriCredit as Plaintiff has failed to obtain sufficiency of service or service of process upon Defendant AmeriCredit.

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served:

> (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

In addition, Under Fed. R. Civ. P. 4(d), effective service by mail upon a corporation is accomplished when the defendant executes an acknowledgement of service indicating its waiver of personal service of process, after receiving the plaintiff's request for waiver of service. Plaintiff has not alleged that Defendant AmeriCredit waived personal service and no evidence exists of waiver or proper service.

This Court has ruled unequivocally that service by certified mail is improper to effectuate personal service. Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 295 (N.D. Ga. 2007) (mailing the summons and complaint via certified mail to the corporate defendant did not satisfy the requirements of Rule 4). See also, Madden v. Cleland, 105 F.R.D. 520 (N.D. Ga. 1985) (holding that service of summons and complaint by certified mail is not permissible method of service if defendants have not waived personal service).

Because the Federal Rules of Civil Procedure do not allow a corporation to be served via Certified mail, Defendant AmeriCredit was not properly served with process in this action.

**WHEREFORE**, the Defendants pray that the Motion to Dismiss be granted and that Plaintiff's Complaint against them be dismissed, and that Defendants have such other and further relief as is just and proper.

This 2nd day of December, 2009

*/s/ Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
**BEAL & BELL LLC**
7 Lenox Pointe
Atlanta, Georgia 30324
404-688-2700



CORPORATION SERVICE COMPANY

# Notice of Service of Process

AL2 / ALL
Transmittal Number: 7142955
Date Processed: 11/12/2009

| | |
|---|---|
| Primary Contact: | Mr. Doug Johnson<br>Americredit Corp.<br>801 Cherry Street<br>Suite 3600<br>Fort Worth, TX 76102 |
| Entity: | AmeriCredit Financial Services, Inc.<br>Entity ID Number 0296942 |
| Entity Served: | Americredit |
| Title of Action: | Barton A. Campbell vs. Americredit |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court: | U.S. District Court Northern District, Georgia |
| Case Number: | 1 09-CV-3115 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 11/12/2009 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Barton A. Campbell<br>none provided |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com



EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BARTON A. CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION FILE NO. |
| AMERICREDIT, PORTFOLIO RECOVERY ASSOCIATES, EQUIFAX INFORMATION SERVICES, LLC EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC. | ) ) 1 09-CV-3115-RLV-LTW ) ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS** and **MEMORANDUM OF LAW IN SUPPORT** thereof with the clerk of Court via the CM/ECF filing system and have served a copy upon Plaintiff who is *pro se* by sending a copy via U.S. Mail with sufficient postage affixed thereon to ensure delivery addressed as follows:

  Mr. Barton A. Campbell
  4540 Boise Trail SW
  Atlanta, Georgia 30331

This 2ND day of December, 2009.

BEAL & BELL LLC

_____
Andrew M. Beal
Georgia Bar No. 043842

Case 1:09-cv-03115-RLV-LTW   Document 8   Filed 12/02/2009   Page 14 of 14