ORIGINAL

DEC 03 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BARTON A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | 1:09-CV-3115-RLV-LTW |
| AMERICREDIT; PORTFOLIO | ) | |
| RECOVERY ASSOCIATES; EQUIFAX | ) | |
| INFORMATION SERVICES, LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; TRANSUNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Experian Information Solutions, Inc. ("Experian") submits this

Memorandum in support of its Motion to Dismiss, filed contemporaneously

herewith. Experian asserts three separate grounds for this motion. First, the

allegations set forth in Plaintiff's Complaint make clear that he was aware of the

credit reporting at issue almost six years prior to filing suit. Thus, his claims based

on the Fair Credit Reporting Act ("FCRA") are time-barred under the applicable

statutes of limitations. Second, Plaintiff has failed to show that any reporting by

Experian was inaccurate. Thus, all of his claims based on the FCRA must fail as

well. Third, Plaintiff has failed to effect proper service of process on Experian

under Federal Rule of Civil Procedure 4(h).  Plaintiff's Complaint should be

dismissed on this basis.

## FACTUAL BACKGROUND

Plaintiff has filed a lawsuit seeking to pull Experian into a six year old

dispute with a creditor regarding a defaulted auto loan that has virtually nothing to

do with Experian.  In his Complaint, Plaintiff alleges that he purchased a car from

a dealer in Georgia on or about April 14, 2001, and that the purchase was financed

by Americredit.[1]  (Compl. at ¶ 14-15.)  Americredit repossessed the car on or about

October 7, 2003 and subsequently sold the car for less than the balance of the car

loan.  (*Id.* at ¶¶ 15-16.)  Americredit then obtained a deficiency judgment against

Plaintiff on or about October 7, 2003 for $10,991.41.  (*Id.* at ¶ 16.)  Plaintiff claims

that he disputed the deficiency judgment with Americredit because Americredit

"negligently sold his car far below market value and therefore did not receive

adequate compensation which would have lowered the amount Plaintiff owed to

Defendant."  (*Id.* at ¶ 17.)  Americredit nonetheless proceeded to report the

deficiency judgment to the Defendant credit reporting agencies, including

Experian.  (*Id.* at ¶¶ 18-20.)

---

[1] For the purpose of this motion only, Experian assumes that the factual allegations
set forth in Plaintiff's Complaint are true.

- 2 -

Plaintiff alleges that he disputed the Americredit account information with Experian on or about October 2003.  (*Id.* at ¶ 21.)  He further alleges that Americredit reverified the account information, and that Experian continued to report the information to third parties through its credit reporting database.  (*Id.* at ¶ 22.)  Plaintiff states that the reporting of the deficiency judgment caused two collection agencies, Oxford Management and Portfolio Recovery Associates, to attempt to collect on the deficiency judgment.  (*Id.* at ¶ 23.)

On November 6, 2009, more than six years after he allegedly contested the Americredit account information with Experian, Plaintiff filed his Complaint alleging claims against Experian for violations of the FCRA and for state law defamation and invasion of privacy.  For the reasons stated below, each of these claims should be dismissed.

<b><u>ARGUMENT AND CITATION OF AUTHORITY</u></b>

I.  **Motion to Dismiss Standard**

Under Federal Rule 12(b)(6), the factual allegations in a complaint are accepted as true, and those allegations are viewed in the light most favorable to the plaintiff.  Nevertheless, a plaintiff must provide more than conclusory grounds for relief.  *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  Although Rule 12(b)(6) does not allow dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is

improbable," the "[f]actual allegations must be enough to raise a right to relief

beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).

II.    **Plaintiff's Claims Against Experian Should Be Dismissed Because They Are Time-Barred.**

   A.    **Plaintiff's Claim Against Experian for Failure to Comport with 15 U.S.C. § 1681i Is Barred by the Applicable Statute of Limitations**

Plaintiff has alleged that Experian "willfully and/or negligently fail[ed] to

comport with FCRA § 1681i." (Compl. at ¶ 38(b).)  FCRA § 1681i provides as

follows:

> [I]f the completeness or accuracy of any item of
> information contained in a consumer's file at a consumer
> reporting agency is disputed by the consumer and the
> consumer notifies the agency directly . . . of such dispute,
> the agency shall, free of charge, conduct a reasonable
> reinvestigation to determine whether the disputed
> information is inaccurate and record the current status of
> the disputed information, or delete the item from the file
> in accordance with paragraph (5), before the end of the
> 30-day period beginning on the date on which the agency
> receives the notice of the dispute from the consumer . . . .

The statute of limitations for a claim based on FCRA § 1681(i) is set forth in

FCRA § 1681(p).  That section states that any FCRA action must be brought no

later than the earlier of "(1) 2 years after the date of discovery by the plaintiff of

the violation that is the basis of such liability; or (2) 5 years after the date on which

the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.

- 4 -

As stated above, Plaintiff alleges that in or about October 2003, Plaintiff contested the reporting of the Americredit deficiency judgment with Experian. Assuming that Plaintiff's allegation is true, Plaintiff's dispute would have triggered the provisions of § 1681i, which require Experian to conduct a reasonable reinvestigation of the dispute within the ensuing 30-day period. Any violation of § 1681i for failure to conduct a reasonable reinvestigation would have therefore occurred at the conclusion of the 30-day period.

Based on the allegations in Plaintiff's complaint, this 30-day period could have ended no later than the end of November 2003. Thus, the latest date upon which Experian's alleged violation of § 1681i could have possibly occurred is November 30, 2003. Since the FCRA's statute of limitations provision provides that any action against Experian for a violation of § 1681i must have been brought *no later* than five years after the date of the violation, any action under § 1681i was required to be brought no later than November 30, 2008. Plaintiff filed his Complaint on November 6, 2009. As such, Plaintiff's claim against Experian under FCRA § 1681i is barred by the statute of limitations.

### B.  Plaintiff's Claim Against Experian for Willfully and/or Negligently Failing to Follow Reasonable Procedures in Preparing Its Consumer Reports Is Barred by the Applicable Statute of Limitations

Plaintiff alleges that Experian "willfully and/or negligently fail[ed], in the preparation of the consumer reports concerning plaintiff, to follow reasonable

procedures to assure maximum possible accuracy of the information in the reports." (Compl. ¶ 38(a).)  A consumer reporting agency's duty to follow reasonable procedures is governed by FCRA § 1681e(b); because this claim arises under FCRA, the statute of limitations provision in FCRA § 1681p, set forth above, applies here as well.

Plaintiff alleges in his Complaint that he disputed the reporting of the Americredit account information with Experian in October of 2003—over six years prior to the date he filed suit. (Compl. ¶ 21.)  Plaintiff's own allegation, therefore, indicates that Plaintiff had discovered the FCRA violations alleged in his complaint long before the two-year limitations period in § 1681p began to run. Plaintiff's claim against Experian for failure to follow reasonable procedures under FCRA is therefore time-barred.

### III.    Plaintiff's Claims Under the FCRA Should Be Dismissed Because He Fails to State that Experian Published an Inaccurate Credit Report

In addition to Plaintiff's claims being time-barred, Plaintiff also has not stated a claim that Experian published an inaccurate credit report that would be actionable under the FCRA.   In order to prevail on a FCRA claim under either § 1681e(b) or § 1681i, a plaintiff must demonstrate that his or her credit report contains an actual inaccuracy. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66–68 (1st Cir. 2008).  Here, Plaintiff has merely alleged that Experian reported

that Plaintiff was liable for a deficiency judgment to Americredit, which, based on

Plaintiff's Complaint, appears to be a true statement. To the extent that Plaintiff's

claim is based on the commercial reasonableness of Americredit's sale of the

Mazda and the resulting deficiency on the car loan, that is a legal issue. It is

certainly not a factual inaccuracy that could be uncovered by any reinvestigation

by Experian. *See DeAndrade*, 523 F.3d at 68 (holding that there was no inaccuracy

where Plaintiff's attack on the validity of mortgage was "not a factual inaccuracy

that could have been uncovered by a reasonable reinvestigation, but rather a legal

issue that a credit agency such as Trans Union is neither qualified nor obligated to

resolve under the FCRA"). Regardless of the "reasonableness" of Experian's

procedures, Plaintiff's dispute of the deficiency judgment is simply not an issue

that a credit reporting agency such as Experian is either qualified or obligated to

resolve. Plaintiff has therefore failed to make a prima facie showing of inaccuracy

for his FCRA claim.

IV.   **Plaintiff's Complaint Should be Dismissed As It Was Not Properly Served Upon Experian**

On November 13, 2009, Plaintiff served the Summons and Complaint on

Experian via Certified mail. *See* Service of Process Transmittal (Ex. A). This

method of service on Experian was improper. Pursuant to Fed. R. Civ. P. 4(h), a

corporation may be served:

(1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)( 1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

This Court has ruled that service on a corporate defendant by certified mail is improper to effectuate personal service. *Profit v. Americold Logistics, LLC*, 248 F.R.D. 293, 295 (N.D. Ga. 2007) (mailing the summons and complaint via certified mail to the corporate defendant did not satisfy the requirements of Rule 4).

Federal Rule 4(d) provides a way to effectuate service upon a corporation by mail, provided that the defendant executes an acknowledgement of service indicating its waiver of personal service of process after receiving the plaintiff's request for waiver of service. In this case, however, Plaintiff has not alleged that Experian waived personal service, and no evidence exists of waiver or proper service. Plaintiff did not send Experian a request for waiver of personal service, and at no point did Experian execute an acknowledgement of service indicating its waiver of personal service of process. Therefore, Experian has not been properly served with process in this action. This Court, therefore, lacks personal jurisdiction over Experian.

Because the Federal Rules of Civil Procedure do not allow a corporation to be served via certified mail, Experian was not properly served with process in this action.  Plaintiff's Complaint should therefore be dismissed on this basis.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that Plaintiff's claims against Experian be dismissed with prejudice, and that Experian have such other and further relief as is just and proper.

Dated:        December 3, 2009                Respectfully submitted,

_____
Matthew T. Parrish
GA Bar No. 558262
JONES DAY
1420 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-3053
Telephone:   (404) 581-8413
Facsimile:   (404) 481-8330
Email:  mparrish@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/13/2009
CT Log Number 515721849



RECEIVED
NOV 1 6 2009
Scott N. Leslie

**TO:** Scott Leslie, General Counsel Experian Americas
Experian
475 Anton Blvd
Costa Mesa, CA 92626-

**RE:** **Process Served in Georgia**

**FOR:** Experian Information Solutions, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Barton A. Campbell, Pltf. vs. Americredit, Portfolio Recovery Assoc., et al. including Experian Information Solutions, Inc, Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Jury Demand and Complaint, Prayer for Relief, Exhibits, Attachments, Instructions |
| **COURT/AGENCY:** | US Dist Court, Northern Dist of Georgia, --<br>Case # 1 09-CV-3115 |
| **NATURE OF ACTION:** | Regarding the violations of the Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/13/2009 postmarked on 11/10/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Barton A. Campbell<br>4540 Boise Tr. SW<br>Atlanta, GA 30331 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 792810751404 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nicole Thompson<br>1201 Peachtree Street,N.E.<br>Atlanta, GA 30361<br>404-965-3840 |

Page 1 of 1 / MM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing pleading has

been prepared with one of the font and point selections approved by this Court in

Local Rule 5.1B (Times New Roman/14 point).


Dated:        December 3, 2009            Respectfully submitted,

Matthew T. Parrish
GA Bar No. 558262
JONES DAY
1420 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-3053
Telephone:  (404) 581-8413
Facsimile:   (404) 481-8330
Email:  mparrish@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by U.S. Mail on Plaintiff and on Defendants' counsel listed below this 3rd day of December, 2009.

**Plaintiff:**
Barton A. Campbell
4540 Boise Trail SW
Atlanta, Georgia 30331

**Counsel for Equifax Information Services LLC:**
Barry Goheen
Cara Hergenroether
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
bgoheen@KSLaw.com
chergenroether@KSLaw.com

**Counsel for Trans Union LLC:**
Alex M. Barfield
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, Georgia 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
abarfield@hplegal.co

**Counsel for AmeriCredit Financial Services, Inc.:**
Andrew M. Beal
Georgia Bar No. 043842
BEAL & BELL LLC
7 Lenox Pointe
Atlanta, Georgia 30324
Telephone: (404) 688-2700

_Attorney for Defendant_
_Experian Information Solutions, Inc._

2